**Willie James GLOVER, Plaintiff-Appellee, Cross-Appellant,**

v.

**ALABAMA BOARD OF CORRECTIONS, et al., Defendants,**

**James Towns, Defendant-Appellant, Cross-Appellee.**

No. 80–7875

Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

July 27, 1981.

Rehearing Denied Oct. 26, 1981. See 660 F.2d 120.

Jack M. Curtis, Montgomery, Ala., for defendant-appellant cross-appellee.

Jere Beasley, Frank M. Wilson, Montgomery, Ala. (Court-appointed), for plaintiff-appellee cross-appellant.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Charging that he was stabbed while in prison and thereafter denied proper medical care by prison authorities, appellee Glover brought suit against the Alabama Board of Corrections and various past and present corrections officials, including appellant Towns. The district judge appointed a magistrate as special master "for the purpose of conducting a pretrial hearing and conducting whatever further proceedings may in his judgment be appropriate that will enable him to make findings of fact and recommendations to this Court leading to an appropriate disposition of the case." Other than presiding over the selection of the jury, the district judge had no contact with the case; all other proceedings, including a jury trial on the merits, were conducted by the magistrate. The magistrate directed a verdict in favor of all but one of the defendants and entered judgment in accordance with a verdict in favor of appellee Glover against appellant Towns. Urging several grounds of error, Towns appeals; Glover cross-appeals. We do not reach the merits of this appeal, however, because we conclude that this Court does not have jurisdiction over the case. Accordingly, we dismiss the appeal and remand to the district court.

The district court did not indicate upon what authority it based its order appointing the magistrate to the case. However, since the appointment of the magistrate occurred before the October 10, 1979, amendments to the Magistrates Act, the order of appointment must have been based on either 28 U.S.C.A. § 636(b)(2) or 28 U.S.C.A. § 636(b)(3). Under 28 U.S.C.A. § 636(b)(2), "a judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts." This statute, however, does not authorize a magistrate to enter final judgment. *E. g., Kendall v. Davis*, 569 F.2d 1330 (5th Cir. 1978). Under the second provision, 28 U.S.C.A. § 636(b)(3), a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Findings by a magistrate made pursuant to this provision are not final, but "are subject to *de novo* determination by the district court." *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 355, n.3 (5th Cir. 1980).

Accordingly, because the district court did not enter a final judgment in the case

so as to vest jurisdiction in this Court, *see* 28 U.S.C.A. § 1291, and because no other statute authorizes direct appeal of the magistrate's decision, we have no jurisdiction to hear this case. We therefore dismiss this appeal without prejudice to a future appeal following appropriate proceedings in district court.

APPEAL DISMISSED; CAUSE REMANDED.