**Gary John VAN OOTEGHEM, Plaintiff-Appellee Cross Appellant,**

v.

**Hartsell GRAY, Individually and in his capacity as Treasurer of Harris County, Texas (Henry E. Kriegel, successor in office), Defendant-Appellant Cross Appellee.**

No. 78–3711.

United States Court of Appeals, Fifth Circuit.

August 24, 1981.

Joe Resweber, Billy E. Lee, Houston, Tex., for Hartsell Gray.

David Crump, Houston, Tex., for amicus Counties of Smith, Tarrant, et al.

J. Patrick Wiseman, Hormachea & Sauer, Larry W. Sauer, Jr., Houston, Tex., for Gary John Van Ooteghem.

Before GODBOLD, Chief Judge, BROWN, AINSWORTH, CHARLES CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, VANCE, KRAVITCH, FRANK M. JOHNSON, Jr., GARZA, HENDERSON, REAVLEY, POLITZ, HATCHETT, ANDERSON, RANDALL, TATE, SAM D. JOHNSON, THOMAS A CLARK, and WILLIAMS, Circuit Judges.

PER CURIAM:

The court took this case en banc to resolve the question which divided the panel: must government regulation of constitutionally protected speech of public employees be justified by a compelling state interest? 628 F.2d 488 (5th Cir. 1980). The court en banc determines that the issue is not presented by the facts in this case. We affirm that portion of the judgment of the district court holding Van Ooteghem's constitutional right of freedom of speech was violated without reaching or expressing any view on the question which brought us én banc.

Under Fifth Circuit Local Rule 17, our decision to rehear the case en banc, 640 F.2d 12, vacated the panel opinion; however, the following statement of the stipulated facts is largely adopted from the panel's opinion. In January 1975, plaintiff John Van Ooteghem was hired by defendant Hartsell Gray, the Treasurer of Harris County, Texas, to serve first as Cashier Assistant County Treasurer, and later as Assistant County Treasurer. He was a nontenured employee. Van Ooteghem performed his job in a professional manner: he was recognized to be both hard-working and quite brilliant. Accordingly, Treasurer Gray treated the plaintiff with the respect due to a professional: Van Ooteghem was allowed to set his own hours and to take time off as needed.

On July 28, 1975, Van Ooteghem informed Gray that he was a homosexual and, shortly thereafter, related his plans to address the Commissioners Court on the subject of the civil rights of homosexuals. On July 31, 1975, Gray forwarded a letter to Van Ooteghem which purported to restrict the latter to his office between the hours of eight a. m. and twelve noon and from one p. m. until five p. m., Monday through Friday. These hours corresponded to the times during which citizens were allowed to address the Commissioners Court. The letter stated that its restrictions were intended to prevent Van Ooteghem from carrying on "political activities" during these hours. Van Ooteghem refused to sign an acknowledgement provided on the letter and his employment was terminated at the end of that day.

In response, Van Ooteghem filed suit, pursuant to 42 U.S.C. § 1983, alleging that he was dismissed as Assistant County Treasurer in violation of his constitutional right of free speech.

Van Ooteghem alleged that Gray terminated his employment because of Van Ooteghem's homosexuality and desire to speak publicly on the issue of homosexuality. Gray alleged that he lost confidence in Van Ooteghem's abilities to perform his duties as assistant treasurer for Harris County. Gray alleged that this loss of confidence was based upon Van Ooteghem's assertion that he was going to appear publicly and speak out on political issues during office hours.

The district court found that Van Ooteghem's wish to speak to the Commissioners Court was a substantial factor in his dismissal. That finding is not clearly erroneous. Indeed, it is compelled by the stipulated facts. Since Van Ooteghem was a nontenured employee, he was subject to discharge for any good reason, or even for no reason at all, but not for a constitutionally impermissible reason. Gray assigns as his reason for discharge loss of confidence in Van Ooteghem. However, he further asserts this lost confidence resulted solely from Van Ooteghem's declared intention to speak before the Commissioners Court during hours Gray had proscribed—a proscription imposed solely to prevent such speech. Thus, the wish to exercise his first amendment right caused Van Ooteghem's dismissal.

The district court further concluded that Van Ooteghem's intent to exercise his right to speak was constitutionally protected. We agree. The controlling case is *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968). It provides:

> The problem in any case is to arrive at a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public service it performs through its employees.

As the district court properly found, Van Ooteghem's proposed speech neither would have significantly interfered with the operation of the Treasurer's office nor the performance by Van Ooteghem of his official duties. *Pickering* eschewed laying down a general standard against which all public employees' statements may be judged.

> Because of the enormous variety of fact situations in which critical statements by teachers and other public employees may be thought by their superiors, against whom the statements are directed, to fur-

nish grounds for dismissal, we do not deem it either appropriate or feasible to attempt to lay down a general standard against which all such statements may be judged. 391 U.S. at 569, 88 S.Ct. at 1735. However, here the balance so clearly strikes in favor of allowing the citizen-employee to speak that no need exists to delineate a particular standard for testing Van Ooteghem's rights. Under any standard that could be applied we would be compelled to affirm the district court.

The district court found Hartsell Gray was acting in his official capacity when he improperly dismissed Van Ooteghem. Judgment for back pay and attorneys' fees was awarded against Gray in his official capacity as County Treasurer and ordered to be paid from the departmental budget of the County Treasurer's Office of Harris County, Texas.

The district court determined that Harris County was a local governmental unit not protected by the eleventh amendment. It based this determination on the following findings:

> A county is essentially a local governing unit with local rather than statewide constituents, local rather than state officials, local rather than state taxes, and local rather than state treasury funds. The judgment in this case would be satisfied from the county treasury which funds constitute a totally separate entity from Texas state treasury monies. There is no connection between Harris County and the state of Texas which would make the state of Texas the real party in interest in this case.

Briefs before us urge that the district court erred in failing to recognize that Texas counties are unique among similar state governmental units. It is contended that, unlike counties in most states and unlike municipalities in Texas, Texas counties are agencies or departments of the state. Because the extensive arguments raised here on this sensitive subject either were not addressed to or were not dealt with by the district court, this en banc court has deter-

mined to pretermit the issue and remand it to the district court for reconsideration and resolution anew.

The district court also determined that, under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Harris County, as a local governmental unit, could be sued as a "person" under 42 U.S.C. § 1983. *Id.* 436 U.S. at 690, 98 S.Ct. at 2035–36. Since this determination is dependent upon the same reasoning which controls the validity of the district court's determination concerning the eleventh amendment status of Harris County, Texas, we similarly pretermit any decision here and remand the issue for reconsideration in light of further proceedings in the district court.

The district court did not expressly rule on whether Gray's action in dismissing Van Ooteghem was pursuant to "official policy" of the county government such as would render the county government liable for back pay and attorneys' fees if it was a "person" under *Monell* and did not enjoy eleventh amendment protection. This, too, is a significant issue in the context of this case and is an issue which this en banc court declines to reach or rule on without additional factual guidance and an express determination by the district court.

Finally, as the panel opinion pointed out, the district court did not make specific findings on the attorneys' fee awarded as required by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). This matter also requires a remand.

The judgment appealed from is vacated and the cause is remanded to the district court for further proceedings not inconsistent with this opinion. We intimate no views on the matters remanded for reconsideration.

AFFIRMED IN PART AND, IN PART, VACATED AND REMANDED.