Aubrey L. HART, et al.,
Plaintiffs-Appellees,

v.

Dudley WALKER, Individually, etc.,
Defendant-Appellee,

v.

MARSHALL COUNTY, MISSISSIPPI,
Defendant-Appellant.

No. 82–4333.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1983.

Peggy A. Jones, James W. Warren, Jr., Holly Springs, Miss., for defendant-appellant.

Grady F. Tollison, Jr., S. Allan Alexander, Oxford, Miss., for Hart, et al.

Christian T. Goeldner, Southhaven, Miss., for Dudley Walker.

Before BROWN, REAVLEY and RANDALL, Circuit Judges.

RANDALL, Circuit Judge:

This case is a companion to *Hart v. Walker,* 720 F.2d 1436, also decided this day. The facts of the Harts' dispute with Walker, a County Supervisor of Marshall County, Mississippi, are set forth in that opinion. After judgment was entered by the district court in that case in favor of the Harts and against Walker, individually and in his official capacity, the Harts notified Marshall County that they intended to collect the judgment, which included compensatory and punitive damages and attorneys' fees, from the County if they could not collect from Walker. When the County refused to pay, the district court issued a show-cause order, on August 4, 1982, requiring the Board of Supervisors to show cause why the judgment should not be paid "as an obligation of the Board of Supervisors." At a hearing held on August 12, 1982, the district court ordered the County to pay the entire judgment, including costs and attorneys' fees. This appeal followed.

I. PUNITIVE DAMAGES.

■ The parties correctly agree that the district court's award of punitive damages against the County was improper. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Thus, this aspect of the district court's judgment is reversed.

II. LIABILITY WHERE THE COUNTY WAS NOT A PARTY.

■ The County argues that it would be unfair and a denial of due process to hold it liable for the award of compensatory damages and attorneys' fees, because the County was not a party to the suit between the Harts and Walker, and was not notified of the possibility of such an award until the show-cause order was issued eight months after the entry of the judgment. The County also alleges that service of process was inadequate.[1]

In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Supreme Court held that the state could be required to pay attorneys' fees assessed against state officials acting in their official capacities, even though the state had never been named as a party to the action. The Court noted that an "injunctive suit against prison officials was, for all practical purposes, brought against the State," 437 U.S. at 699, 98 S.Ct. at 2578, and that it would be "manifestly unfair" to force the individual officers to pay the award "when ... the individual officers have no personal interest in the conduct of the State's litigation." *Id.* at n. 32. This circuit has consistently permitted an award of attorneys' fees against a local government where officials acting in their official capacities have committed civil rights violations. *See, e.g., Barrett v. Thomas,* 649 F.2d 1193, 1201–02 (5th Cir. 1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982); *Collins v. Thomas,* 649 F.2d 1203, 1205 (5th Cir.1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982); *Familias Unidas v. Briscoe,* 619 F.2d 391, 406 (5th Cir.1980).

The County argues that these cases are distinguishable because in each of them, unlike here, a government attorney represented the individual defendants at trial, and was thus able to defend the government's interests as well as the defendants'. In *Hutto,* the Supreme Court noted that the

---

1. Fed.R.Civ.P. 4 provides for service of process on governmental organizations in accordance with state law. Under Mississippi law, "in suits against a county ... the summons shall be executed personally, in the case of a county, on the president or clerk of the board of supervisors." Miss.Code Ann. § 13–3–47 (1972).

Because Walker, a member of the Board, was personally served, and because we hold that in this case the Harts' failure to join the County as a party did not constitute a denial of due process, we find that the County's contention in this regard is without merit.

actions of the attorney general in representing the prison officials demonstrated a recognition that the suit was, for all intents and purposes, an action against the state. 437 U.S. at 699, 98 S.Ct. at 2578. Further, the state was not named as a party in *Hutto* because it was not amenable to suit under the eleventh amendment; while in this case, the county could have been sued initially. As was the case in *Hutto, supra,* the sheriff in *Barrett* and *Collins* was represented by the county district attorney, although the district attorney withdrew six weeks before settlement because of a potential conflict of interest. *Collins,* 649 F.2d at 1205 & n. 2.

█ In the instant case, nevertheless, the County clearly was aware of the suit against Walker, insofar as it paid his legal fees and county officials testified in his defense at the trial. Moreover, the County was aware that the action had been brought against Walker in both his individual and official capacities, and it was given the opportunity to present evidence contesting its liability at the show-cause hearing, but declined to do so.[2] Under these circumstances, we do not consider that it would be a denial of due process to hold the County liable.

█ While we do not consider that this case presents a due process problem with regard to the County's liability, we note that in *Van Ooteghem v. Gray,* 628 F.2d 488 (5th Cir.1980), *vacated in part,* 654 F.2d 304 (5th Cir.1981) (en banc), we cautioned that "future plaintiffs can, and may be well advised to, join the local government entity as a defendant in § 1983 actions." *Id.* at 495. That future has become the present. Because of the potential for unfairness in other factual settings, and in light of the potential conflicts of interest between the municipal entity and the putative public official in section 1983 actions, we hold that

our warning in *Gray* will henceforth be the rule of this circuit: To impose liability on a municipal or governmental entity in a section 1983 action filed after the date of this opinion, the plaintiff must join the entity as a defendant in the suit.

## III. COUNTY LIABILITY.

█ Our determination with reference to the County's due process argument does not, however, mandate an affirmance of the County's ultimate liability in this case. In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities and other local governments were "persons" within the meaning of section 1983, and that local governments could be held liable for the misconduct of local officials where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover ... local governments ... may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." 436 U.S. at 690–91, 98 S.Ct. at 2035–36. Furthermore, we have held, in *Familias Unidas v. Briscoe,* 619 F.2d 391 (5th Cir. 1980), that even in the absence of an explicit governmental policy, county liability is proper where a public official's conduct is taken "in those areas in which he, alone, is the final authority or ultimate repository of county power ...." *Id.* at 404.[3] The question presented by this appeal is whether Walker's individual actions were taken pursuant to a policy or custom of the Board of Supervisors within the meaning of *Monell* or in an area in which he, alone, was the ultimate repository of county power within the meaning of *Familias Unidas.*

---

**2.** Although the interval between the show-cause order and the hearing was only six days, in light of the circumstances we do not consider this shortness of time to constitute a denial of due process.

**3.** We have recently reheard *en banc* two cases addressing the issue of municipal liability under section 1983, *Bennett v. City of Slidell,* 697 F.2d 657 (5th Cir.1983), and *Webster v. City of Houston,* 689 F.2d 1220 (5th Cir.1983), *reheard en banc,* September 14, 1983.

The Board contends that Walker specifically acted contrary to Board policy by contesting the legality of the subdivision. The record hints, and the County's briefs allege, that Walker's conduct stemmed from his active disagreement with an established Board policy with regard to the Quinn Road Estates Subdivision rather than from concern over the Harts' culverts. For the purposes of this appeal, both Walker and the Harts contend that all that was at issue here was the legality of the culverts and that the imposition of liability on the County is proper because Walker's status as Board Supervisor of District No. 3 renders him "the final authority or ultimate repository of county power" over the roads and ditches of District No. 3, including the Harts' culverts. *Familias Unidas v. Briscoe, supra.* Because the trial court specifically excluded any evidence on the issue of the legality of the subdivision and Walker's apparent dispute with the Board's policies concerning the development of the area, however, the record is not illuminating with regard to the scope of the underlying dispute. The court's subsequent imposition of liability on the County mandates factual determinations by the district court on the nature of the underlying dispute and on the issue of any related policies or customs of the Board of Supervisors.

In light of the foregoing, therefore, we reverse the district court's judgment with regard to the County's liability for compensatory damages and attorneys' fees, and remand the case for factual findings with respect to the nature of the underlying dispute and the existence of any relevant policies of the Board of Supervisors, and for an analysis of the applicable Mississippi statutes in the light of these fact findings. The district court may take additional evidence.

REVERSED and REMANDED.