Gary John VAN OOTEGHEM, Plaintiff,

v.

Hartsel GRAY, et al., Defendants.

Civ. A. No. 75-H-1501.

United States District Court,
S.D. Texas,
Houston Division.

May 11, 1984.

**898**

Larry Sauer, and Nelson & Mallett, J. Patrick Wiseman, Houston, Tex., for plaintiff.

Billy E. Lee, and C. Anthony Friloux, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

STERLING, District Judge.

On August 29, 1975, Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleged wrongful termination from his position as assistant county treasurer for Harris County, Texas. The case was tried to the Court and judgment was entered for Plaintiff on March 20, 1978, granting reinstatement and back pay. The case was appealed and the Fifth Circuit affirmed. *Van Ooteghem v. Gray*, 628 F.2d 488 (5th Cir.1980). The case was remanded for specific findings on the issue of attorney's fees. *Van Ooteghem v. Gray*, 628 F.2d at 497. Rehearing was granted by the Fifth Circuit *en banc*. *Van Ooteghem v. Gray*, 640 F.2d 12 (5th Cir.1981). There the Court remanded the case to the district court to determine:

(1) whether Texas counties are agencies or departments of the state entitling them to Eleventh Amendment immunity;

(2) whether Harris County could be sued as a "person" under 42 U.S.C. § 1983;

(3) whether Gray's action in dismissing Van Ooteghem was pursuant to "official policy" rendering the county itself liable;

(4) specific finding of attorney's fees awarded as required by *Johnson v. Geor-gia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

Subsequently, Plaintiff filed a motion for summary judgment with authorities arguing that each issue remanded should be resolved in his favor and that a final judgment granting back pay and reimbursement be entered.

■ With respect to the determination of Harris County as an independent governmental entity or an agency of the State of Texas, this Court looks to the principles announced in *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724 (5th Cir.1982). Applying the previous findings of the district court as noted by the Fifth Circuit in *Van Ooteghem v. Gray*, 654 F.2d 304 at 306 (5th Cir.1981) to the principles announced in *Laje* at 727 it is clear that Harris County, Texas is not an agency of the State of Texas and further is not entitled to Eleventh Amendment immunity protection.

■ Having determined that Harris County is not an agency of the State of Texas, the Court can readily determine that Harris County is a person for purposes of 42 U.S.C. § 1983. The Fifth Circuit has recognized that any local governmental entity itself may be subject to monetary as well as declaratory and injunctive relief under *Monell*. *Bennett v. City of Slidell*, 728 F.2d 762 at 765 n. 1 (5th Cir., 1984) (en banc). With respect to the determination that Gray's action in dismissing the Plaintiff was pursuant to "official policy", the Fifth Circuit has held that "... officers of county governments are often elected directly by the people [as is the case with the Harris County treasurer] to set governmental policies in particular areas. The source of their policy making authority is the electorate itself, and their authority need not be connected to a council or other governing body. Id. at 765 n. 1. Defendant's action must necessarily be considered to represent official policy. *Familias Unidas v. Briscoe*, 619 F.2d 391 at 404 (5th Cir.1980).

■ In applying *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.

1974), for the determination of Plaintiff's reasonable attorney's fees the Court finds:

(1) The time and labor required represents the bulk of the basis for the award sought. Plaintiff's counsel submits in his affidavit that he has personally expended 109.75 hours of labor which included such services as the taking of depositions, brief writing, and the preparation for submission of the case on stipulated facts. He further submits he authorized 40 additional hours of service provided by law clerks.

(2) The novelty and difficulty of the questions is evidenced by the continuing development of the legal issues raised by Plaintiff.

(3) The skill and experience demonstrated by counsel's recognition of his responsibility to his client and to the Court to diligently follow the development of the law as it applies to Plaintiff's action requires consideration.

(4) The patient pursuit and the ultimate success by Plaintiff's counsel also requires consideration.

(5) The hourly rate sought is customary for similar cases and services.

These specific findings support the Court's original award of $7,500.00.

It is, therefore, ORDERED, ADJUDGED and DECREED that Plaintiff's motion for summary judgment is GRANTED.