**Willie James GLOVER, Plaintiff-Appellee,**

v.

**ALABAMA DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellants.**

No. 83–7122.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

Jack M. Curtis, Montgomery, Ala., for Towns.

Bobby N. Bright, Gen. Counsel, Ala. Dept. of Corrections, Montgomery, Ala., for State of Ala./Dept. of Corrections.

Frank Wilson, Montgomery, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and SMITH*, Circuit Judges.

RONEY, Circuit Judge:

In November of 1978 plaintiff, Willie James Glover, a prisoner in Alabama's Draper Correctional Center was stabbed by a fellow inmate, Hardy Sims. The stabbing occurred the day after James Towns, a prison official, stated to a group of inmates that Glover's life was worth only five or six packs of cigarettes. Glover brought a 42 U.S.C.A. § 1983 action against the Alabama Board of Corrections and several other defendants including James Towns. At trial, the district court directed a verdict for all defendants except Towns. The jury returned a verdict of $1.00 in compensatory damages and $25,000 in punitive damages against defendant Towns in August of 1980.

Towns claims that (1) the U.S. Magistrate lacked subject matter jurisdiction to hear this case since defendants did not consent to a 28 U.S.C.A. § 636(b) proceeding; (2) the evidence is insufficient to support the finding that Towns' statement was the proximate cause of the stabbing; (3) the amount of punitive damages awarded was disproportionate to the actual damages; and (4) testimony about problems between Towns and prison administrators should not have been admitted. We affirm.

Defendant claims that because the parties' consent to trial before the magistrate was invalid under 28 U.S.C.A. § 636(c) due to a deficiency in the forms they signed, a new trial is warranted. This Court has already held that the parties' consent was sufficient to grant jurisdiction to the magistrate under § 636(b). *Glover v. Alabama Record of Corrections*, 660 F.2d 120, 124 (5th Cir. Unit B 1982) ("*Glover II*").

Both § 636(b) and § 636(c) provide for proceedings to be held before a United States Magistrate when the parties consent. 28 U.S.C.A. § 636(c); *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352 (5th Cir.1980). The chief difference between (c) and (b) is that (c) permits direct appeal from the magistrate to the court of appeals, while (b) provides for *de novo* review of the magistrate's findings and recommendations by the district court. In this case the parties, believing their consent to be adequate under § 636(c), cross-appealed to this Court following trial before the magistrate. *See Glover v. Alabama Board of Corrections*, 651 F.2d 1014 (5th Cir. Unit B 1981) ("*Glover I*"). The Court concluded that it lacked appellate jurisdiction due to a deficiency in the consent forms, but sent the case back to the district court after finding the parties' consent valid for purposes of § 636(b). *See Glover II*, 660 F.2d at 124. The district court properly concluded that it was bound by that determination, and conducted *de novo* review of the magistrate's recommendations.

---

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

In any event, defendant has failed to show any actual harm to his cause which would support his request for a new trial. On the contrary, it appears that he benefited from the district court's review of the proceeding before the magistrate; the district court upheld one of the defendant's objections to the findings, and altered the magistrate's recommendation accordingly.

■ A review of the record reveals sufficient evidence to warrant the inference that Towns' offer of five to six packs of cigarettes for the killing of Glover was the proximate cause of the attack on Glover the following day. Testimony indicated that the statement was made in the presence of all 150 inmates in Four Cell, where both Sims and Glover were incarcerated. Three witnesses testified that defendant Towns stated that he would reward other prison inmates if the plaintiff were injured or killed.

■ As to the punitive damages, there was no abuse of discretion in the district court's holding that the $25,000 award was neither so excessive as to be unconscionable, nor the product of jury bias or prejudice. Broad discretion is traditionally accorded to juries in assessing the amount of punitive damages, *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1980), for "[c]ourts are extremely reluctant to interfere with a jury verdict which may be based on such widely ranging bases as a desire to punish a party for improper conduct and a desire to create a deterrent to similar conduct by others." *Adams v. Ford Motor Credit Co.*, 556 F.2d 737, 740 (5th Cir.1977).

■ Punitive damages can be awarded under § 1983 even when a plaintiff suffers no compensatory damages. *Endicott v. Huddleston*, 644 F.2d 1208, 1217 (7th Cir. 1980). Since plaintiff's injuries were cared for by the county and since, being incarcerated, he lost no income, the jury's decision to award plaintiff only $1 in compensatory damages could well be a response to the magistrate's instruction that nominal damages should be awarded if the jury "had no guidance or evidence as to a dollar and cents amount" representing plaintiff's suffering.

The jury's award of punitive damages reflects its finding that defendant acted wantonly, willfully, or in reckless disregard of plaintiff's rights. The need for deterrence or punishment should not vary with the success of the assault in a case such as this. It cannot be said as a matter of law that the amount awarded is unconscionable or the product of jury bias or prejudice, *Adams v. Ford Motor Credit Co.*, 556 F.2d at 740.

■ The trial court's admission of the Warden's statement that defendant Towns was dismissed from the Department of Corrections does not rise to the level of an abuse of discretion. *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir.1978). The court sustained the defense objection to a follow-up question as to whether defendant's difficulty with prisoners was one of the reasons for the dismissal.

■ The cross-examination of Towns, which concerned the reasons for his departure from the Department of Corrections, is not grounds for reversal. Defense counsel did not object to the relevancy of the cross-examination and in fact, the only objection he raised concerned the form of one question. Defendant had formerly testified without objection that he left his employment for personal reasons. Plaintiff was entitled to impeach defendant's testimony by attempting to show that the actual reasons were disciplinary rather than personal.

■ The district court assessed attorney's fees and costs against the State of Alabama. Alabama was not a party to the suit at the time of this award, having been previously dismissed on its plea of immunity. The state appeals on the grounds that it was not a party to the suit, a directed verdict was rendered in favor of the Board of Corrections, and damages were assessed against Towns in his individual capacity. The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C.A. § 1988, gives the

district court discretion to award attorney's fees.

Prior cases have held that attorney's fees may be awarded against a governmental entity even though the entity is immune from suit under the Eleventh Amendment or is not a named defendant in the § 1983 action. *See Hutto v. Finney*, 437 U.S. 678, 699–700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522 (1977); *Williams v. Thomas*, 692 F.2d 1032, 1039 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983); *McNamara v. Moody*, 606 F.2d 621, 626 (5th Cir.1979), *cert. denied,* 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980). *See also* S.Rep. No. 1101, 94th Cong., 2d Sess. 5 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5913. There is no constitutional due process problem with assessing attorney's fees against the state in this case, where the Alabama Attorney General represented defendant Towns throughout the trial and before this Court on appeal. *See Hutto*, 437 U.S. at 699, 98 S.Ct. at 2578 (Supreme Court noted the Arkansas Attorney General's representation of defendant prison officials as indicative that the suit "was, for all practical purposes, brought against the State" even though the Eleventh Amendment prevented plaintiffs from naming the state as a party); *Barrett v. Thomas*, 649 F.2d 1193, 1201–02 (5th Cir. Unit A 1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982) ("the county's interests were adequately represented at each stage of the proceedings by the county district attorney's representation of Sheriff Thomas"; county taxed with attorney's fees despite the fact that it was not a party to the action).

■ The fact that damages were awarded against defendant Towns in his individual capacity only does not preclude the assessment of attorney's fees against the state. The sole reason that damages were not assessed against him in his official capacity is that the Eleventh Amendment bars such an award. *Williams v. Bennett*, 689 F.2d 1370, 1378 (11th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 335, 78

L.Ed.2d 305. It is undisputed that defendant's statement was made while he was performing his official duties as an employee of the State of Alabama.

We note that the Fifth Circuit, bound as we are by *Van Ooteghem v. Gray*, 628 F.2d 488 (5th Cir.1980), *vacated in part*, 654 F.2d 304 (5th Cir.1981) (en banc), *cert. denied,* 455 U.S. 909, 102 S.Ct. 1255, 71 L.Ed.2d 447 (1982), which affirmed such fees, has implemented the warning therein contained that "future plaintiffs can, and may be well advised to, join the local Government entity as a defendant in § 1983 action." 628 F.2d at 495. In *Hart v. Walker*, 720 F.2d 1443, 1445 (5th Cir. 1983), the Court said:

> That future has become the present. Because of the potential for unfairness in other factual settings, and in light of the potential conflicts of interest between the municipal entity and the putative public official in section 1983 actions, we hold that our warning in *Gray* will henceforth be the rule of this circuit: To impose liability on a municipal or governmental entity in a section 1983 action filed after the date of this opinion, the plaintiff must join the entity as a defendant in the suit.

Although the county in *Hart* was not immune, we think that the reasoning would apply to the state since the liability for attorney's fees and costs against it is not protected by immunity. The state could be made a party for the sole purpose of assessing attorney's fees and costs.

■ In order to avoid future controversy over the potential unfairness of assessing attorney's fees against a governmental entity not a party to a § 1983 suit, and over the potential conflict of interest between the Government and the public official held liable under § 1983, we hold that, even if otherwise immune, the governmental entity must be joined in the suit for purposes of the attorney's fees determination before it may be held liable for attorney's fees. Following *Hart*, we hold that this policy shall

be applied as the rule of this Circuit to all cases filed after the date of this opinion.

AFFIRMED.