759 F.2d 1556
 James Lee LEGGETT, Plaintiff-Appellant,
v.
Frederick L. BADGER, individually & official capacity as
corr. officer w/FL Dept. of Corr. Louie L. Wainwright, Secy.
of FL. Dept. of Corrections; J.C. Combs, Supt. FSP, Starke,
FL., Defendants-Appellees.
 No. 83-3657.
 United States Court of Appeals,
Eleventh Circuit.
 May 13, 1985.
Rehearing and Rehearing En Banc Denied July 1, 1985.
 
 John D. Middleton, Middleton, Glant & Daniel, Gainesville, Fla., for plaintiff-appellant.
 Joseph A. Linnehan, William D. Hall, Asst. Attys. Gen., Tallahassee, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before RONEY and CLARK, Circuit Judges, and SIMPSON, Senior Circuit Judge.
 RONEY, Circuit Judge:
 
 
 1
 The central issue in this 42 U.S.C.A. Sec. 1983 appeal is whether an assessment of attorney's fees against the State is precluded when damages are awarded against a defendant official only in his individual capacity. We reverse and remand, holding that under Glover v. Alabama Dept. of Corrections, 734 F.2d 691 (11th Cir.1984), such fees can be assessed against the State where the State's interests have been adequately represented at each stage of the proceedings, provided the governmental entity is joined for the purpose of the attorney's fees determination before it is held liable.
 
 
 2
 In July of 1979 James Leggett, a prisoner in the Florida State Prison, along with another inmate, was found in an unauthorized wing of the prison. After escorting the inmates to a holding cell, correction officer Frederick L. Badger was instructed by his commanding officer to take the prisoners to administrative confinement pending a disciplinary report. On the way to administrative confinement, and while Leggett was held by two other officers, Officer Badger hit, then kicked him in the face while attempting to obtain information from him regarding his possible intoxication from "Buck", a home-made wine. Leggett brought this 42 U.S.C.A. Sec. 1983 action against Badger in his official and individual capacity and against Louie L. Wainwright, Secretary of the Florida Department of Corrections, and Clayton G. Strickland, Superintendent of the Florida State Prison. Leggett maintains that he was suing Badger in his official capacity. That issue was never litigated or compromised by the parties. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (state official cannot be sued in his official capacity for damages). The record clearly shows that attorney's fees were incurred in an effort to recover damages under Sec. 1983.
 
 
 3
 A jury awarded $1,500 in compensatory damages and $25,000 in punitive damages against Badger in his individual capacity. After additional litigation concerning Leggett's claim for injunctive relief to require "use of force" training for corrections officers, the parties filed a joint status report. Leggett acknowledged the new "use of force" training procedures as being an improvement over past procedures as well as being reasonable. On the only remaining issue of attorney's fees the district court held, after an evidentiary hearing, there was no causal connection between this action and the new procedures regarding the use of force by corrections officers, which, if established, would have provided a basis for a larger fees award. Further, the court held that under Fla.Stat. Sec. 284.38, providing for the Florida Casualty Insurance Risk Management Trust Fund, there is no state authorization to pay attorney's fees where the officer, employee, or agent has been determined to have caused the harm intentionally. Badger was held liable individually for the $21,250 in attorney's fees.
 
 
 4
 Leggett contends on appeal that (1) Badger's liability in his individual capacity does not preclude an award of attorney's fees against the State or its agencies; (2) there was sufficient causal connection between this suit and the newly instituted "use of force" training initiated by the Florida Department of Corrections to award attorney's fees against the State, and (3) the absence of a fee award against the State would deter similarily situated plaintiffs from seeking enforcement of constitutional rights.
 
 
 5
 Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. Sec. 1988, federal courts may award reasonable attorney's fees to prevailing parties in suits under 42 U.S.C.A. Sec. 1983. See Hutto v. Finney, 437 U.S. 678, 693, 98 S.Ct. 2565, 2574, 57 L.Ed.2d 522 (1978); Fields v. City of Tarpon Springs, Fla., 721 F.2d 318, 321 (11th Cir.1983).
 
 
 6
 In Glover v. Alabama Dept. of Corrections, 734 F.2d 691 (11th Cir.1984), this Court followed controlling precedent from the former Fifth Circuit in holding that "attorney's fees may be awarded against a governmental entity even though the entity is immune from suit under the Eleventh Amendment or is not a named defendant in the Sec. 1983 action." Id. at 965. See also Odum v. Clark, 748 F.2d 1538, 1542 (11th Cir.1984). The Glover court held that the fact that damages are awarded against a defendant "in [an] individual capacity only does not preclude the assessment of attorney's fees against the state." 734 F.2d at 695. Although the former Fifth Circuit held that governmental entities do not have to be joined to be liable for attorney's fees, Glover changed that rule for this Circuit. There, this Court held:
 
 
 7
 In order to avoid future controversy over the potential unfairness of assessing attorney's fees against a governmental entity not a party to a Sec. 1983 suit, and over the potential conflict of interest between the Government and the public official held liable under Sec. 1983, we hold that, even if otherwise immune, the governmental entity must be joined in the suit for purposes of the attorney's fees determination before it may be held liable for attorney's fees ... we hold that this policy shall be applied as the rule of this Circuit to all cases filed after the date of this opinion. Id.
 
 
 8
 Accordingly, we reverse and remand this case for joinder of the governmental entity for the purposes of the attorney's fees determination, and consideration in light of this Court's decision in Glover. In the instant case, the Attorney General has represented this defendant officially throughout these proceedings and before this Court on appeal, except for Badger's appeal from the damages award, so there would seem to be no need for an additional evidentiary hearing on the issue of attorney's fees. The district court's finding that there was no causal connection between Leggett's action and the new "use of force" training program was not clearly erroneous. See Fields v. City of Tarpon Springs, Fla., 721 F.2d 318 (11th Cir.1983). The district court determined after a lengthy evidentiary hearing on the issue that Leggett's assault by Badger was one of several significant incidents or circumstances which helped bring about a change in training procedures for corrections officers. The district court did not find the litigation, as distinguished from the incident itself, to be the motivating factor. This decision is affirmed.
 
 
 9
 Defendant's claim that Badger's "bad faith" would preclude an attorney's fees award against the State is precluded by our holding in Glover. The state statute could not override the federal Civil Rights Attorney's Fees Awards Act of 1976. 42 U.S.C.A. Sec. 1988.
 
 
 10
 Leggett's deterrence claims present no basis for relief in this Court. The federal statute and the prior cases of this Court control this issue without regard to the effect of such law.
 
 
 11
 AFFIRMED in part and REMANDED for further proceedings.