**Leroy McGOWAN, Jr., Administrator of the Estate of and Personal Representative of Tommie Lee Tipton, also known as Tommie Lee Sullivan, Deceased, and on Behalf of the Heirs of the Deceased, and Persons Entitled to Recovery, Plaintiff,**

v.

**James Albert RILEY, Individually and in his Official Capacity as Deputy Sheriff of DeSoto County, Mississippi, et al., Defendants.**

No. DC83–282–NB–O.

United States District Court,
N.D. Mississippi,
Delta Division.

Sept. 30, 1985.

Christian Goeldner, Southaven, Miss., Hayden D. Lait, Memphis, Tenn., for plaintiff.

William W. Ballard, H.R. Gainer, Hernando, Miss., Ralph Chapman, Clarksdale, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This diversity cause of action came before the court on the motion to dismiss filed by defendants James Albert Riley and Howard Taylor, and on the motion to dismiss filed by defendants B.G. Allen, Joe A. Cates, Floyd S. Robertson, Wilbert Bates, and Eulo Loyd (the "supervisor defendants"). Being fully advised in the premises, the court is now in a position to rule on these motions.

This cause arose out of the apparent suicide by hanging of Tommie Lee Tipton, also known as Tommie Lee Sullivan, while in custody at the DeSoto County, Mississippi jail. The decedent had been taken into custody at the request of his family after he threatened to kill both them and himself. The plaintiff, who is the decedent's half-brother and administrator, asserts causes of action against the defendants under 42 U.S.C. § 1983 (1981) for deprivations without due process, under U.S. Const. amend. VIII for cruel and unusual punishment, and under Miss.Code Ann. § 11–7–13 (Supp.1984) for wrongful death.

### MOTION TO DISMISS OF RILEY AND TAYLOR

#### (a) 42 U.S.C. § 1983

The plaintiff alleges that Riley and Taylor, the Chief Deputy Sheriff and Jailer respectively of DeSoto County, Mississippi, negligently deprived the decedent of his life, liberty, and property without due process of law and thus are liable under 42 U.S.C. § 1983. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420, 428 (1981) sets forth the two essential elements of a § 1983 action: (1) whether the conduct complained of is committed by a person acting under color of state law; and (2) whether such conduct deprives a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Id.* In the present case, defendants Riley and Taylor concede that they acted under color of state law; accordingly, this court must focus on the second requirement.

*Parratt v. Taylor*, 451 U.S. at 537, 101 S.Ct. at 1913–14, 68 L.Ed.2d at 430, emphasizes that a mere deprivation of property is not sufficient for a § 1983 action; rather, the deprivation must be without due process. Although due process generally requires a meaningful predeprivation hearing, an adequate postdeprivation hearing is sufficient in cases wherein the former is impractical. *Id.* at 538–41, 101 S.Ct. at 1914–16, 68 L.Ed.2d at 430–32. Predeprivation process obviously is impractical when the taking is the result of random and unauthorized conduct, whether such actions are negligent, *see id.*, 451 U.S. at 541, 101 S.Ct. at 1916, 68 L.Ed.2d at 432, or intentional, *see Hudson v. Palmer*, 468 U.S. 517, ——, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393, 407 (1984). Therefore, if an adequate postdeprivation remedy exists in such cases, the deprivation does not constitute a procedural due process violation. *Thibodeaux v. Bordelon*, 740 F.2d 329, 337 (5th Cir.1984).

■ In the present case, the plaintiff alleges that his decedent was negligently deprived of life, liberty, and property without due process,[1] and that such deprivation constitutes a violation of 42 U.S.C. § 1983. Since the alleged deprivations were caused by negligent acts and omissions, the existence of postdeprivation remedies must be examined.[2] Adequate relief exists under

---

1. The plaintiff alleges deprivations of life, liberty, and property; however, the thrust of his complaint appears to concern only wrongful deprivation of life.

2. Most case law concerning postdeprivation remedies has dealt either with deprivations of property, *see, e.g., Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (deprivation of hobby kit), or liberty, *see, e.g., Thibo-* *deaux v. Bordelon*, 740 F.2d 329 (5th Cir.1984) (negligent incarceration); however, this court perceives no reason why a different standard should apply to a deprivation of life. *See State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1147 (7th Cir.1983), *cert. denied*, 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 686 (1983) (application of *Parratt* to alleged deprivation of life); *Meshkov v. Abington Township*, 517 F.Supp. 1280, 1285–86 (E.D.Pa.1981) (same).

state law with regard to all alleged deprivations, *see* Miss.Code Ann. § 11–7–13 (Supp. 1984) (wrongful death statute); accordingly, the plaintiff cannot maintain a procedural due process action under 42 U.S.C. § 1983. The defendants' motion to dismiss on this ground is well taken and should be granted.

### (b) U.S. Const. amend VIII

 U.S. Const. amend. VIII protects only those *convicted* of a crime, *see Ingraham v. Wright,* 430 U.S. 651, 664, 667, 671–72, 97 S.Ct. 1401, 1408–10, 1412–13, 51 L.Ed.2d 711, 724–25, 727–28 (1977), which does not include the decedent in the present case. Accordingly, the plaintiff cannot prevail on this claim and the defendants' motion to dismiss should be granted.

### (c) Miss.Code Ann. § 11–7–13

The plaintiff, a Tennessee resident, has asserted a wrongful death cause of action under Miss.Code Ann. § 11–7–13 (Supp.1984). There appears to be complete diversity of citizenship of the parties, *see Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *rev'd. on other grounds, Louisville, Cincinnati & Charleston Railroad Co. v. Letson,* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844) (requirement that all parties on one side of suit be citizens of different state than all parties on other side), and the amount in controversy exceeds $10,000.00; therefore, this cause of action appears proper. 28 U.S.C. § 1332(a) (1966). The defendants contend that the appointment of plaintiff as administrator violates Miss.Code Ann. § 91–1–27 (1972) (designation of heirs at law of intestate in chancery court of county in which decedent had realty; decedent in present case had only personalty), and that diversity jurisdiction should not exist. The defendants may be correct in asserting that the appointment was improper, *but cf.* Miss.Code Ann. § 91–7–63 (1972) (appointment of administrator by chancery court of county wherein intestate had personalty if intestate had no fixed residence); however, such appointment should be attacked in the Chancery Court of DeSoto County, Mississippi, which court appointed the plaintiff as administrator. Accordingly, the defendants' motion to dismiss on this ground is not well taken and should be denied.

### MOTION TO DISMISS OF SUPERVISOR DEFENDANTS

The supervisor defendants are sued only in their official capacity as members of the Board of Supervisors. Although suit under 42 U.S.C. § 1983 against persons in their official capacity is merely an alternative form of pleadings such suit against that entity, *see Monell v. Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611, 635 n. 55 (1978); *Van Ooteghem v. Gray,* 628 F.2d 488, 496 (5th Cir.1980), it is the rule in this circuit that the municipal or government entity must also be joined as a defendant in a § 1983 suit in order for liability to be imposed. *Hart v. Walker,* 720 F.2d 1443, 1445 (5th Cir.1983). The plaintiff therefore has not stated a cause against the supervisor defendants upon which relief can be granted; therefore, the motion to dismiss is well taken and should be granted. Fed.R.Civ.P. 12(b)(6).

Let an order issue accordingly.

