**James Lee LEGGETT,
Plaintiff-Appellant,**

v.

**Frederick L. BADGER, individually and his official capacity as Correctional Officer with Florida Department of Corrections, Louie L. Wainwright, Secretary of Florida Department of Corrections, J.C. Combs, Superintendent, Florida State Prison, Starke, Florida, Defendants-Appellees.**

No. 86–3192
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 9, 1986.

John D. Middleton, Tallahassee, Fla., for plaintiff-appellant.

Jim Smith, Atty. Gen., Thomas H. Bateman, III, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

This appeal arises from a beating received by plaintiff-appellant James L. Leggett and administered by defendant-appellee Frederick L. Badger. At the time the assault occurred Badger was employed as a correctional officer at Florida State Prison, where Leggett was a prisoner. Leggett subsequently filed a 42 U.S.C. § 1983 action, prevailed on the merits, and sought attorneys' fees under 42 U.S.C. § 1988. The sole issue raised in this appeal is whether the United States District Court for the Middle District of Florida properly declined to enforce a mandate of this court relating to the assessment of attorneys' fees against the State of Florida on the grounds that the mandate had been superceded by controlling precedent that required an opposite result. We agree with the district court that this case presents the rare situation in which one of the narrow exceptions to the "law of the case doctrine" is applicable, and therefore AFFIRM.

In the underlying action under § 1983, a jury found for Leggett and awarded him compensatory and punitive damages. A panel of this court affirmed this award in an unpublished opinion. *Leggett v. Badger,* 673 F.2d 1343 (11th Cir.1982) (per curiam) (*Leggett I*). Subsequently, the district court held that Leggett was not entitled to receive attorneys' fees from the State of Florida. On appeal, a panel of this court "reverse[d] and remand[ed] this case for joinder of the [State of Florida] for the purposes of attorney's fees determination, and consideration in light of this Court's decision in *Glover* [*v. Alabama Depart-*

*ment of Corrections,* 734 F.2d 691 (11th Cir.1984) ]." *Leggett v. Badger,* 759 F.2d 1556, 1558 (11th Cir.1985) (*Leggett II* ).

The court in *Glover* held that "the fact that damages were awarded against defendant Towns [, a prison official,] in his individual capacity only does not preclude the assessment of attorney's fees against the state." 734 F.2d at 695. Such fees could be assessed, however, only if the government entity is "joined in the suit for purposes of the attorney's fees determination...." *Id.*[1] Leggett therefore joined the state and moved the district court to enforce the *Leggett II* mandate.

After the *Leggett II* decision, however, the Supreme Court of the United States determined that "it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity." *Kentucky v. Graham,* — U.S. —, —, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114, 123 (1985). Significantly, the court in *Leggett II* had found that Leggett prevailed "against Badger in his individual capacity." *Leggett II,* 759 F.2d at 1557. The district court accordingly declined to enforce the mandate of this court, holding that it was free to do so because the decision in *Graham* was controlling authority that dictated a contrary result.

■ Generally, an appellate court decision on an issue must be followed in all subsequent trial court proceedings in the same case. *Dorsey v. Continental Casualty Co.,* 730 F.2d 675, 678 (11th Cir.1984). This rule, usually referred to as the "law of the case" doctrine, has three exceptions that allow a federal district court to act contrary to the appellate decision: (1) when new and substantially different evidence is presented subsequent to the appeal; (2) when controlling authority has been rendered, contrary to the law of the appellate decision; (3) when the prior decision was clearly erroneous and would work a manifest injustice if implemented.[2] *Stanley v. United States,* 786 F.2d 1490, 1498 (11th Cir.1986).

Leggett's primary argument is that the mandate issued by this court in *Leggett II* was final and therefore binding on the district court. The only exception, he claims, is if the "prior decision on which the mandate is based is *clearly* erroneous." Appellant's brief at 12 (emphasis in original). The "mandate rule" on which this contention relies is but a "specific application of the law of the case doctrine." *Piambino v. Bailey,* 757 F.2d 1112, 1120 (11th Cir.1985). As such, the rule in this circuit is that it is subject to the same three exceptions. *Id.* Thus, Leggett's characterization of the law is simply not correct; the standard he articulates inaccurately and incompletely juxtaposes two of the exceptions.

■ The district court correctly characterized the question before it on remand as whether *Graham* justified disregarding the mandate of *Leggett II;* i.e., was *Graham* controlling authority that required a contrary result. We must decide the same question.

The Supreme Court in *Graham* specifically set out "to unravel once again the distinctions between personal and official capacity suits," *Graham,* — U.S. at —, 105 S.Ct. at 3104, 87 L.Ed.2d at 120; distinctions that "apparently continue[ ] to confuse lawyers and confound lower courts...." *Id.* at —, 105 S.Ct. at 3105, 87 L.Ed.2d at 121. In an effort to clarify these muddied waters, it determined that

---

**1.** This first *Glover* decision (hereinafter *Glover I* ), subsequently was vacated and remanded by the Supreme Court for consideration in light of *Kentucky v. Graham,* — U.S. —, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). *See Alabama Dept. of Corrections v. Glover,* — U.S. —, 106 S.Ct. 40, 88 L.Ed.2d 33 (1985) (hereinafter *Glover II* ). On remand to this court, we vacated the fee award portion of *Glover I* and remanded it to the district court for reconsideration in light of *Graham. See Glover v. Alabama Dept. of Cor-*

*rections,* 776 F.2d 964 (11th Cir.1985) (*Glover III* ).

**2.** We note the need to read and apply these exceptions narrowly. A district court should follow the law of the case as decided by the appellate court unless the court is certain that one of the three specifically and unquestionably applies.

"it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity." *Id.* at ——, 105 S.Ct. at 3106, 87 L.Ed.2d at 123. The Court noted that § 1983 "was not intended to make municipalities liable on a *respondeat superior* principle.... [F]ee liability runs with merits liability; if federal law does not make the government substantively liable on a *respondeat superior* basis, the government similarly is not liable for fees on that basis under § 1988." *Id.* at ——, 105 S.Ct. at 3107, 87 L.Ed.2d at 123. This demonstrates that the district court properly concluded that *Graham* was not distinguishable from *Leggett II* [3]; thus *Graham* represented "an intervening change in the controlling law [that] dictates a different result." *Piambino v. Bailey,* 757 F.2d 1112, 1120 (11th Cir.1985).[4] The district court, therefore, correctly declined to enforce our mandate. Leggett's other allegations of error are without merit and warrant no discussion. Accordingly, the judgment of the district court is AFFIRMED.

---

3. There are, of course, factual differences between Leggett's case and Graham's. In light of the sweep and plain language of the unanimous decision in *Graham,* however, it seems plain that these distinctions are not material. For example, the primary difference, as in *Glover I,* is that the state attorney general's office represented the defendant during his litigation. The State of Kentucky took no such step in Graham's behalf. The Court in *Graham,* however, knew about *Glover I* and that this court, faced with the facts in *Glover I,* had reached a contrary decision. *See Graham,* —— U.S. at —— n. 6, 105 S.Ct. at 3104 n. 6, 87 L.Ed.2d at 120 n. 6. Nevertheless, it drew no distinctions in this regard. In short, *Graham's* language is categorical and blunt: "[S]ection 1988 simply does not

create fee liability where merit liability is nonexistent." *Id.* at ——, 105 S.Ct. at 3107, 87 L.Ed.2d at 123.

4. The propriety of this conclusion is buttressed by the fact that a panel of this court has noted that, in light of *Graham,* plaintiffs no longer should rely on *Glover I* for the proposition that a governmental entity may be held liable for attorneys' fees when the plaintiff prevails in a § 1983 suit against a government official solely in his individual capacity. *See Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 705 n. 10 (11th Cir.1985); *accord Stevens v. Gay,* 792 F.2d 1000, 1003 (11th Cir.1986).