**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Heriberto Fernandez MONSISVAIS,**
**Defendant–Appellant.**

No. 90–2254.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 1991.

Robert Ramos, (Gary Hill, on the brief), El Paso, Tex., for defendant-appellant.

David N. Williams, Asst. U.S. Atty. (William L. Lutz, U.S. Atty. with him, on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before HOLLOWAY, LOGAN and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Heriberto Fernandez Monsisvais entered a conditional guilty plea to a charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). He reserved the right to appeal the denial of his motion to suppress the introduction into evidence of the marijuana he was accused of possessing. On that appeal, another panel of this court reversed the district court's determination that the marijuana was admissible. *See United States v. Monsisvais*, 907 F.2d 987 (10th Cir.1990) [hereinafter *Monsisvais I*]. A majority of the prior panel held that the stop of defendant's vehicle was unlawful because "the totality of the specific articulable facts presented in this case, together with the rational inferences to be drawn therefrom, do not reasonably warrant suspicion that appellant's vehicle contained persons illegally in the country." *Id.* at 992.

The instant appeal arises from the remand. Instead of dismissing the case against defendant or proceeding to try defendant without the benefit of the marijuana that was the subject of the prior appeal, the government filed, and was granted, a motion to be permitted to present evidence at a supplemental hearing on the motion to suppress. At the supplemental hearing the government provided the evidence this court found lacking in the first hearing,[1]

and on the basis of that additional evidence the district court ruled the marijuana evidence was not to be suppressed. The instant appeal is from that ruling.

■ We directed the parties to submit memorandum briefs on whether the district court's order was indeed appealable. After considering those briefs we are satisfied that we have jurisdiction. In effect the guilty plea was never withdrawn nor was there any retrial. Rather, the case is in the same posture as at the time we heard the first appeal, except that the government had a second opportunity to present evidence.

Merely stating the posture of the present case answers, we believe, the only issue before us on appeal: whether the trial court erred in conducting the supplemental hearing. We hold that the supplemental hearing on the motion to suppress was improper because this court's decision in *Monsisvais I* was the law of the case and therefore binding on the district court on remand.

■ The law of the case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983).[2] In *United States v. Rivera–Martinez*, 931 F.2d 148 (1st Cir. 1991), the court said that

"[i]n terms of the dynamics between trial and appellate courts, the phrase 'law of the case' signifies, in broad outline, that a decision of an appellate tribunal on a particular issue, unless vacated or set aside, governs the issue during all subse-

1. The record before the prior panel was "silent as to the characteristics of the area in which the vehicle was encountered, the proximity of the area to the border, the usual patterns of traffic on the particular road and information about recent or expected illegal immigrant activity in the area." *Monsisvais I*, 907 F.2d at 992. The prior record also lacked certain details regarding the border patrol agent's experience with alien traffic. *Id.*

2. Some courts characterize the law of the case doctrine as applying to both findings of fact and

conclusions of law. *See, e.g., United States v. Burns*, 662 F.2d 1378, 1384 (11th Cir.1981). The prior panel concluded as a matter of law that the facts presented at the first suppression hearing did not give rise to a reasonable suspicion, *see Monsisvais I*, 907 F.2d at 992; thus the decision was of a legal issue. *Cf. Mesmer v. United States*, 405 F.2d 316, 319 (10th Cir.1969) (legality of search warrant generally is question of law). We do not address under what circumstances findings of fact become the law of the case.

quent stages of the litigation in the nisi prius court, and thereafter on any further appeal."

*Id.* at 150 (citing *Arizona v. California,* 460 U.S. at 618, 103 S.Ct. at 1391). One commentator states that

"[w]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it *must* be followed by the trial court on remand. If there is an appeal from the judgment entered after remand, the decision on the first appeal establishes the law of the case to be followed on the second."

1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.404[1], at 119 (2d ed. 1991) (footnote omitted) (emphasis in original). This court has accepted the doctrine as "a restriction self-imposed by the courts in the interests of judicial efficiency. It is a rule based on sound public policy that litigation should come to an end, and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." *Gage v. General Motors Corp.,* 796 F.2d 345, 349 (10th Cir.1986) (citations omitted). The law of the case doctrine also serves the purposes of discouraging panel shopping at the court of appeals level and assuring district court compliance with the decisions of the appellate court. *See Heathcoat v. Potts,* 905 F.2d 367, 370 (11th Cir.1990). The doctrine applies in criminal as well as civil cases, *see United States v. Nechy,* 827 F.2d 1161, 1164 (7th Cir.1987), and specifically when a suppression order is reversed on appeal. *See* 3 C. Wright, *Federal Practice and Procedure* § 678, at 801–02 (2d ed. 1982).

Although the specific circumstances of this case are unusual, there have been closely analogous cases. They support our holding. *United States v. White,* 846 F.2d 678 (11th Cir.), *cert. denied,* 488 U.S. 984, 109 S.Ct. 538, 102 L.Ed.2d 568 (1988), raised almost precisely the issue presented in the case before us. *White* was a civil rights prosecution arising from a clash between the Ku Klux Klan and the Southern Christian Leadership Conference. In a pretrial ruling, the district court suppressed certain depositions taken in a related civil action. In the first appeal, the Eleventh Circuit reversed, holding that the depositions were admissible. On remand, the district court held additional suppression hearings regarding the depositions and again suppressed them. In the second appeal, the Eleventh Circuit determined "that the district court violated the law of the case" because the first appeal had decided the issue of the depositions' admissibility. *Id.* at 685. It is of no moment that the district court in *White* suppressed the evidence while the district court in the case before us admitted the evidence. In both cases the appellate court decided the legal issue of admissibility and reversed; in both the district court held one or more additional hearings on the question of admissibility; in both the result was a second appeal.

Another instructive case is *Baumer v. United States,* 685 F.2d 1318 (11th Cir. 1982), which was the second appeal in an income tax refund suit. In the first appeal, a panel of the former Fifth Circuit had held, *inter alia,* that because the taxpayers had failed to produce any evidence of the value of an option to purchase certain land when it was granted, its fair market value was unascertainable, and the circuit court remanded to the district court with specific instructions to determine the option's value at a different time (i.e., when exercised). *Id.* at 1320 (citing *Baumer v. United States,* 580 F.2d 863, 886 (5th Cir.1978)). On remand, as in the instant case, the district court allowed the introduction, over objection, of evidence that the court of appeals had found was lacking. As in the instant case, the district court after considering the newly-presented evidence reached a conclusion contrary to that of the appellate court. In the second appeal, the Eleventh Circuit held that "the District Court's determination ... is contrary to the law of the case established by a prior panel of this Court." *Id.* at 1321.

We recognize that the law of the case doctrine has long been considered only a rule of practice in the courts and not a limit on their power. *See Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739,

740, 56 L.Ed. 1152 (1912) (Holmes, J.) (the " 'law of the case' ... merely expresses the practice of courts generally to refuse to reopen what has been decided, [and is] not a limit to their power"). "Unlike *res judicata,* the [law of the case doctrine] is not an 'inexorable command,' but is to be applied with good sense." *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981) (citations omitted). Nevertheless, the circumstances justifying a departure from the law of the case are narrow. The most widely quoted statement is by former Tenth Circuit Chief Judge Orie Phillips, sitting in another circuit, that the law of the case must be followed "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha,* 377 F.2d 428, 432 (5th Cir.1967) (footnote omitted); *see also Rivera–Martinez,* 931 F.2d at 151 (agreeing with the *White* statement of the exceptions to the rule and citing as in accord cases from the Sixth, Seventh, Ninth, Eleventh, Federal, and District of Columbia Circuits); *Major,* 647 F.2d at 112 (exceptions are that "substantially different, new evidence has been introduced[;] subsequent, contradictory controlling authority exists[;] or the original order is clearly erroneous"). Generally courts read "these exceptions narrowly, requiring district courts to apply the law of the case unless one of the exceptions 'specifically and unquestionably applies.' " *See White,* 846 F.2d at 685 (quoting *Leggett v. Badger,* 798 F.2d 1387, 1389 n. 2 (11th Cir.1986)).

The government does not contend that any of the three circumstances that might justify departing from the law of the case exist in this case, and it is clear that none do. The "different or new evidence" exception does not apply because, as the border patrol agent acknowledged, III R. 49–50, the additional evidence provided by the government at the supplemental hearing was evidence it had in its possession, but failed to produce, at the time of the original hearing. In *Baumer,* the court said

"[t]here is nothing in the record to indicate that the evidence produced at the hearing after remand was unavailable to the taxpayers during the first trial. The taxpayers simply chose not to produce that evidence. They chose their trial strategy, litigated accordingly, and lost. They are not now entitled to resurrect a previously abandoned issue."

*Baumer,* 685 F.2d at 1321. In the first appeal in *Rivera–Martinez,* the court held that the defendant could not withdraw his guilty plea. Nevertheless, on remand the district court, over objection, took additional evidence on the original plea-withdrawal motion. *Rivera–Martinez,* 931 F.2d at 150. In the second appeal, the appellate court held that the different evidence exception did not apply and that the first appeal established the law of the case. *Id.* at 151–52. We agree with the First Circuit that "[t]he 'different evidence' exception to the law of the case doctrine does not apply when a trial court gratuitously jettisons the rule in order to address an issue explicitly decided, and foreclosed, in an earlier appeal in the same case. Any other outcome would severely undermine the efficacy of the doctrine. If, by the simple expedient of flaunting the law of the case, a trial court which should have deferred to an appellate court's resolution of an issue could proceed to address the issue anew, then the doctrine would disappear into thin air."

*Id.* at 151.

■ The government argues that our earlier opinion merely foreclosed examination of the legal bases by which the stop of defendant's truck could be challenged or justified but did not forbid the court from considering additional evidence bearing on that legal issue. The district judge believed that the law of the case doctrine applied, but he also read our decision in *Monsisvais I* as inviting the presentation of additional evidence on the issue of admissibility. While we understand how the district court might so read our decision, that is an incorrect reading. The *Monsisvais I* opinion pointed out the deficiencies in the government's evidence at the original sup-

pression hearing; but it also explicitly decided the issue of the legality of the stop of defendant's vehicle. The prior panel's determination was that the facts the government presented during the court proceedings leading to defendant's conviction were insufficient as a matter of law to support the trial court's denial of the motion to suppress. This is a legal determination that became the rule of law in the case and was binding upon the district court after remand. It is unfortunate if the government blundered when attempting to make its case the first time. But we see no distinction in principle between this case and one that has been reversed because of insufficiency of the evidence to support the verdict. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

It does not matter that in cases that the government believes are closely analogous a different panel of this court upheld the denial of the motion for suppression. Nor does it matter that in an earlier, unrelated case the government had presented testimony that "Highway 85 is a well-documented alien smuggling route ... [where the Border Patrol had] apprehended many alien smuggling loads...." *See United States v. Pollack,* 895 F.2d 686, 687 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 520, 112 L.Ed.2d 532 (1990) (cited in *Monsisvais I,* 907 F.2d at 993 (Barrett, J., dissenting)). The government had the burden to present sufficient evidence to justify the stop of this defendant's vehicle *in the proceedings of this case.* In this case, the panel majority held that the government had not met the legal standards in the stop of defendant's vehicle; accordingly, the opinion reversed the district court's order denying defendant's motion to suppress. We know of no case even close which would allow the government to make its case again.

On remand, the district court was not free to consider additional evidence on the issue of legality of the stop; rather, it was obligated to follow this court's determination. A different result would allow the district court to substitute its opinion for that of this court, which is what the law of the case doctrine is intended to avoid. *See*

*United States v. Singleton,* 759 F.2d 176, 183 (D.C.Cir.1985).

The government argues that had the *Monsisvais I* panel intended to bar further proceedings on this issue it could have remanded the case with directions to permit defendant to withdraw his guilty plea and to dismiss the case. We reject that proposition also. Our judgment did not forbid retrial simply because we did not know what other evidence the government had that might permit a jury to find defendant guilty. If the case could be retried without the suppressed evidence and a conviction obtained, then we did not intend to forbid that action. But to permit a second opportunity to make the case on suppression that was deficient in the first place is not the same as an interlocutory order of the court that is subject to reconsideration any time before the case is ended.

REVERSED AND REMANDED. If the government has sufficient evidence apart from that which this court previously held must be suppressed, the court shall permit withdrawal of the guilty plea and allow the government to proceed. Otherwise, the court shall order the indictment dismissed.