946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda M. BROWN, Plaintiff-Appellant and Cross Appellee,
v.
FORD, BACON & DAVIS, INC., a New Jersey Corporation, and
Ford, Bacon & Davis Utah, Inc., a Utah
Corporation, Defendants-Appellees and
Cross Appellants.
 Nos. 89-4119, 89-4124, 89-4151 and 90-4000.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1991.
 
 Before McWILLIAMS, BALDOCK and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 In 1982, defendant-appellee Ford, Bacon & Davis, Utah, Inc. terminated plaintiff-appellant Linda M. Brown from its employ. Plaintiff brought this action, seeking damages for federal civil rights violations and for breach of contract. After a bench trial, the district court found no federal civil rights violations but awarded damages for breach of contract. In a prior appeal, we affirmed in all respects except for the breach of contract issue. See Brown v. Ford, Bacon & Davis, Utah, Inc., 850 F.2d 634 (10th Cir.1988) (Brown I ). On the latter issue, we remanded, instructing the district court to make specific findings. Id. at 633-34. This is an appeal from the remand judgment.
 
 
 2
 The employment contract at issue provided for progressive discipline procedures before an employee could be terminated for cause. On the other hand, the contract required only that severance pay be given to employees terminated in a reduction in force. In this case, defendant claimed that plaintiff's termination resulted from a reduction in force. Accordingly, it gave her severance pay but did not give her notice. After the bench trial, the district court found that defendant was motivated by both a reduction in force and cause when it terminated plaintiff. It interpreted the contract to require progressive discipline under these circumstances. Therefore, it awarded damages equal to plaintiff's accrued salary during the time it would have taken for defendant to comply with the progressive discipline procedures. It cut the damages off at the end of this period, however, finding that defendant would have been terminated anyway because of a lack of work, i.e. a reduction in force.
 
 In the prior appeal, we stated:
 
 3
 By finding that plaintiff was discharged both for cause and as part of a reduction in force, the district court has created an unintended dilemma. If plaintiff was discharged as part of a reduction in force, there was no breach of contract and plaintiff is entitled to no damages whatsoever. If plaintiff was discharged for cause, however, defendants breached her contract by failing to afford her the 'progressive discipline' procedures her contract required as a precondition to discharge for cause.
 
 
 4
 .............................................................
 
 
 5
 ...................
 
 
 6
 * * *
 
 
 7
 The district court's efforts to forge a just and equitable result have produced an unsupportable judgment.
 
 
 8
 850 F.2d at 633-34. On remand, the district court referred to the above quotation, stating that "[d]ual motives do not necessarily create a dilemma." Brown v. Ford, Bacon & Davis, Inc., No. C-83-667-J, unpub. memo., (D.Utah Aug. 3, 1989). The court then awarded damages, adopting its previous finding that both factors motivated the termination. Id. Although the second damage award is higher than the first, the court used the same analysis.
 
 
 9
 We fully understand that a termination decision may be motivated by more than one reason; however, we have interpreted the contract in this case and have found as a matter of law that plaintiff is not entitled to a damage award unless cause was the determinative or preponderant, see Webster's Third New International Dictionary 1791 (unabr. ed. 1981), factor in her termination. Under these circumstances, a termination primarily motivated by a reduction in force cannot support an award of contract damages. Conversely, if the termination was motivated primarily by cause, the contract has been breached and damages are appropriate. We think our interpretation is supported by subsequent Utah case law interpreting the same contract. See Caldwell v. Ford, Bacon & Davis Utah, Inc., 777 P.2d 483, 486 (Utah 1989) (summary judgment granted to FB & D when reduction in force triggered the decision to terminate). Dispositively, however, our interpretation in Brown I represents the law of the case, and the district court is required to effectuate the prior mandate. See United States v. Monsisvais, No. 90-2254, 1991 WL 194590 (10th Cir. Oct. 3, 1991).
 
 
 10
 We again remand for a determination of which motivation was the preponderant factor in this termination. If cause was the preponderant factor, the district court is instructed to award damages in accordance with our prior remand. This award should include front pay equalling the amount of accrued salary plaintiff would have received during the time it would have taken FB & D to afford her progressive discipline. See Brown I, 850 F.2d at 633-34 & n. 2 (citing Piacitelli v. Southern Utah State College, 636 P.2d 1063, 1067-69 (Utah 1981)). The award should also include back pay. Id. If, however, a reduction in force was the preponderant factor, "plaintiff is entitled to no damages whatsoever." Id. at 633. We have already determined that plaintiff cannot have it both ways; if the district court cannot determine whether cause was the preponderant factor, plaintiff has failed to prove a contract breach, and the district court is instructed to enter judgment in favor of defendant. The remand judgment of the district court is VACATED, and on REMAND the district court is instructed to enter judgment consistent with our prior opinion and this order and judgment.
 
 
 11
 SO ORDERED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicta, or collateral estoppel. 10th Cir.R. 36.3