85 F.3d 640
 13 Colo. Bankr. Ct. Rep. 93
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CASCADE ENERGY & METALS CORPORATION, Plaintiff,
v.
Jeffrey G. BANKS, et al., the defendants and judgment
creditors herein; Associate Defendants; Gold
Technics Dfts, Defendants-Appellees,
and
INTERPHASE CORPORATION; W. David Weston; Telegraph Mine
Limited; Stephen W. Rupp, Trustee of the Chapter
7 Bankruptcy Estate of Rex Montis Silver
Co., Defendants,
v.
REX MONTIS SILVER COMPANY, Cross-Claim-Defendant-Appellant.
CASCADE ENERGY & METALS CORPORATION, Plaintiff,
Delano S. FINDLAY, Appellant,
v.
BANKS, et al., the defendants and judgment creditors herein;
Rex Montis Silver Company; Interphase Corporation; W.
David Weston; Telegraph Mine Limited; Stephen W. Rupp,
Trustee of the Chapter 7 Bankruptcy Estate of Rex Montis
Silver Company, Defendants,
ASSOCIATE DEFENDANTS, Gold Technics Dfts, Defendants-Appellees.
CASCADE ENERGY & METALS CORPORATION, Plaintiff,
v.
BANKS, et al., the defendants and judgment creditors herein;
Rex Montis Silver Company; Interphase Corporation; W.
David Weston; Stephen W. Rupp, Trustee of the Chapter 7
Bankruptcy Estate of Rex Montis Silver Company, Defendants,
ASSOCIATE DEFENDANTS, Gold Technics Dfts, Defendants-Appellees,
v.
TELEGRAPH MINE LIMITED, and Telegraph Mine Joint Venture,
Cross-Claim-Defendants-Appellants.
CASCADE ENERGY & METALS CORPORATION, Plaintiff-Appellant,
v.
BANKS, et al., the defendants and judgment creditors herein;
Rex Montis Silver Company; Interphase Corporation; W.
David Weston; Telegraph Mine Limited; Stephen W. Rupp,
Trustee of the Chapter 7 Bankruptcy Estate of Rex Montis
Silver Co., Defendants,
ASSOCIATE DEFENDANTS, Gold Technics Dfts, Defendants-Appellees.
CASCADE ENERGY & METALS CORPORATION, Plaintiff,
v.
BANKS, et al., the defendants and judgment creditors herein;
Associate Defendants; Interphase Corporation; Stephen W.
Rupp, Trustee of the Chapter 7 Bankruptcy Estate of Rex
Montis Silver Co., Defendants,
GOLD TECHNICS DFTS, Defendant-Appellant,
REX MONTIS SILVER COMPANY; W. David Weston; Telegraph Mine
Limited, Cross-Claim-Defendants-Appellees.
CASCADE ENERGY & METALS CORPORATION, Plaintiff,
v.
BANKS, et al., the defendants and judgment creditors herein;
Rex Montis Silver Company; Interphase Corporation;
Telegraph Mine Limited; Stephen W. Rupp, Trustee of the
Chapter 7 Bankruptcy Estate of Rex Montis Silver Co.;
Estate of Bernard Hodowski, Defendants,
and
ASSOCIATE DEFENDANTS; Gold Technics Dfts; Sam Harmatz;
A.C. Nejedly; Rosalie Donahey; Chris Waugh;
H.E. Moses; Estate of Joe F. Duncan;
Eliot Weinberg, Defendants-Appellees,
v.
W. DAVID WESTON, Cross-Claim-Defendant-Appellant.
 Nos. 94-4028, 94-4031, No. 94-4037, No. 94-4040
D.C. No.82-C-1223-J
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1996.
 
 Before MOORE, BRORBY and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 These appeals are from the remand judgment in Cascade Energy and Metals Corp. v. Banks, 896 F.2d 1557 (10th Cir.), cert. denied, 498 U.S. 849 (1990) ("Cascade I "). The parties are familiar with the facts, set out in our prior opinion, Cascade I, 896 F.2d at 1561-67, and we need not repeat them here.
 
 I.
 A.
 
 2
 Appellants contend that the district court erred in its finding that the value of the prime lease on the Telegraph Mine was $1,100,000. The district court's factual findings will be set aside only if they are clearly erroneous. United States v. Colorado & Eastern R.R. Co., 50 F.3d 1530, 1538 (10th Cir.1995) (citing Fed.R.Civ.P. 52(a)). Findings of fact are not clearly erroneous unless "without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.' " Colorado & Eastern R.R., 50 F.3d at 1538 (quoting LeMaire ex rel. LeMaire v. United States, 826 F.2d 949, 953 (10th Cir.1987)).
 
 
 3
 We have reviewed the record on appeal, and we agree with Judge Jenkins that Judge Christensen "carefully weighed the conflicting evidence in arriving at the conclusion that the prime lease was worth $1,100,000.00." Jt.App. 2290. We hold that the district court did not clearly err in valuing the prime lease at $1,100,000.
 
 B.
 
 4
 In No. 94-4042, the Gold Technics Defendants appeal, contending that Judge Jenkins erred in reversing Judge Christensen's factual finding that a $239,034 "Ore Milling Receivable" was a valid collectible asset of the Telegraph Mine Joint Venture ("Joint Venture") and thus includable in the Amended Judgment on Remand. Jt.App. 2261-62. In a written opinion, Judge Jenkins concluded the court had erred in including the $239,034 as an asset. Jt.App. 2278, 2291. Judge Jenkins' opinion only addresses the parties' arguments concerning the includability of the receivable; it does not include a review of the record evidence.
 
 
 5
 We view this unusual situation as analogous to that of a district court rejecting factual findings made by a master. Recently, in Gottlieb v. Barry, 43 F.3d 474, 486 (10th Cir1994), we held that "[w]here the district court rejects a factual finding by the master, we, like a majority of other circuits, directly review the findings of the special master, thereby effectively ignoring the district court's review of the master's findings." Along the same lines, a district court reviews factual findings made by a bankruptcy court under a clearly erroneous standard, and a Court of Appeals then applies the identical standard, reviewing the original findings by the bankruptcy court and not the district court's review of the facts. Taylor v. IRS, 69 F.3d 411, 415 (10th Cir.1995). Therefore, we review Judge Christensen's findings of fact to see if they are clearly erroneous. See Gottlieb, 43 F.3d at 486 (citing Potucek v. Cordeleria Lourdes, 310 F.2d 527, 530 (10th Cir.1962), cert. denied, 372 U.S. 930 (1963)). Judge Christensen's finding with respect to the $239,034 receivable is not clearly erroneous, and Judge Jenkins' reversal of that finding is not based on an independent analysis of the record evidence. Therefore, we must reverse the revised contrary finding and remand with instructions to include the receivable.
 
 C.
 
 6
 Several of the arguments that appellants advance before us concern issues finally decided in the prior appeal or not raised in the first appeal. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." Arizona v. California, 460 U.S. 605, 618 (1983). Further, "when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir.1995). "[T]he law of the case must be followed unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.' " Pittsburg & Midway Coal Mining Co. v. Watchman, 52 F.3d 1531, 1536 n. 4 (10th Cir.1995) (quoting United States v. Monsisvais, 946 F.2d 114, 117 (10th Cir.1991)). None of these circumstances exist here and we see no reason why the law of the case doctrine should not apply.
 
 1.
 
 7
 Appellants appeal the district court's denial in the remand proceedings of prejudgment interest on the $28,723.16 "offset loan" advanced to Gold Technics out of the Joint Venture funds. They contend that the district court erred in treating the loan as an offset made to Rex Montis rather than as a direct loan to Gold Technics. Telegraph Br. at 37. Appellants argue that this erroneous finding precluded them from recovering prejudgment interest on the loan. Id.
 
 
 8
 In the Findings of Fact and Conclusions of Law on Accounting and Related Phases of Case, filed September 16, 1985, the district court specifically found that:
 
 
 9
 Except for [the improperly collected assessments], I find that it would be inequitable and improper to allow prejudgment interest on any other balances.... I do not find it appropriate to award prejudgment interest on balances owing to [Gold Technics, Ltd. and the other Gold Technics Defendants] and exercise my considered discretion in denying it.
 
 
 10
 Jt.App. 2104-05. This finding was not contested in the first appeal and therefore was not at issue in the remand proceedings. Jt.App. 2288 (Memorandum Opinion and Order); see Cascade I, 896 F.2d 1567-68. The 1985 finding became the law of the case. The district court did not err in incorporating its earlier finding into the Findings of Fact and Conclusions of Law on Remand without reconsideration of the issue of prejudgment interest. Jt.App. 2267, 2270, pp 34, 36, 45.
 
 2.
 
 11
 Appellants contend that the district court erred in failing to deduct $12,225.85 paid to Gold Technics by the Joint Venture from the remand judgments. Despite appellants' efforts to characterize the $12,225.85 payment as a loan, the law of the case precludes us from adopting their position. In our 1990 opinion, Judge Ebel, writing for the panel, unequivocally stated that the payment was not a loan at all, but rather "a repayment to Gold Technics for money advanced by it as part of the Associates' offering." Cascade I, 896 F.2d at 1573. In accordance with our decision, on remand the district court found that "the $12,225.85 paid by the Joint Venture to Gold Technics was a repayment of a sum advanced by Gold Technics to the Joint Venture, and .... should not be accounted for as a loan to Gold Technics in the dissolution of the Joint Venture." Jt.App. 2289; see also Jt.App. 2260 ("Nor do I agree that Gold Technics is liable to the Joint Venture for repayment of the ... $12,225.85."). The district court did not err.
 
 3.
 
 12
 Appellants contend the district court erred in finding that Weston and Rex Montis were liable for conversion of 38,000 shares of Rex Montis stock, and that the remand judgment should be reduced accordingly. However, the issue of conversion was decided in the first appeal and was not at issue in the remand proceedings.
 
 
 13
 After the accounting trial, the district court reached its finding of conversion based on the fact that Weston and Rex Montis "transferred and released 38,000 shares of ... Rex Montis stock ... as collateral for the Cascade-Downey Bank loan. The bank then sold the stock and credited Cascade's loan account in the amount of $18,620.00." Jt.App. 2102, p 28. We affirmed the conversion finding:
 
 
 14
 The district court did specifically find such a conversion ... and it did award damages of $18,620 against Rex Montis and for the benefit of Gold Technics, Ltd., apparently as a result of this conversion.... [W]e think it is clear that Gold Technics was awarded such damages. We remand so that the district court may also enter judgment against Cascade and Weston for this amount.
 
 
 15
 Cascade I, 896 F.2d at 1582-83. It is clear from this language that the scope of this Court's remand with respect to the conversion issue was limited, and did not permit the district court to revisit its conversion finding. The district court properly interpreted this Court's instructions and entered remand judgment in favor of the Gold Technics Defendants for $18,620. Jt.App. 2289-90.
 
 4.
 
 16
 Appellants contend that, even if the district court's findings with respect to the interest on the "offset loan," the $12,225.85 payment to Gold Technics, and the $18,620.00 conversion judgment are proper, the district court miscalculated the amount that Rex Montis owed the Gold Technics defendants. Rex Montis argues that the judgment should be $82,893.01, and not the $94,856.13 amended judgment on remand entered by the district court. We review the district court's determination of the amount of damages under a clearly erroneous standard, and we will "uphold any district court determination that falls within a broad range of permissible conclusions." Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 400 (1990); see Furr v. AT & T Tech., Inc., 824 F.2d 1537, 1548 (10th Cir.1987) ("[I]n reviewing the district court's methodology in calculating damages, all we require is a reasonable basis for computation...."). We have reviewed the submissions of the parties and the record on appeal and conclude that the district court did not clearly err in its computation of the amended judgment on remand.
 
 5.
 
 17
 Appellants contend that the district court erred in holding that the $75,000 balance owed by Gold Technics, Ltd. for its interest in the Telegraph Mine was "subsumed" into the final accounting balance of $629,474.63 for misappropriation, later reduced on appeal to $464,474.63. See Cascade I, 896 F.2d at 1583. They argue that when we vacated the district court's earlier award of $5,000 in nominal damages to Gold Technics for the winding up of the joint venture, we effectively vacated the district court's finding that "there has been a partial failure of consideration with respect to said obligation which in equity and good conscience should relieve Gold Technics, Ltd. from payment or accountability for the [$75,000] balance." Jt.App. 2103, p 30. However, in the first appeal Judge Ebel for the panel noted that: "in reaching our disposition, we have considered all of the parties' arguments, including those that we have not specifically discussed in this opinion and we decline to grant any other requested relief on appeal other than as indicated herein." Cascade I, 896 F.2d at 1584. Therefore, the earlier forgiveness of the $75,000 balance was not at issue in the remand proceedings. We affirm the district court's denial on remand to grant appellants an additional $75,000.
 
 II.
 
 18
 Appellants also contend the district court erred in denying their motion for a new trial, and that this denied them of constitutional due process. We review the district court's decision on a new trial motion for an abuse of discretion. Hinds v. General Motors Corp., 988 F.2d 1039, 1046 (10th Cir.1993). We find no abuse of discretion.
 
 
 19
 Appellants argue that because certain evidence was not included as part of the record in the first appeal we improperly affirmed certain of the district court's findings of fact. While it is not disputed that we did not have the benefit of certain evidence, specifically docket numbers 309-313, we agree with the district court that it was appellants' responsibility to ensure a complete record on appeal. See United States v. Mobile Materials, Inc., 881 F.2d 866, 868 (10th Cir.1989) (holding it is the responsibility of "appellate counsel to monitor carefully the preparation, designation and transmission of the record on appeal"), cert. denied, 493 U.S. 1043 (1990).
 
 
 20
 Appellants had notice that the record on appeal was incomplete due to the omission of docket numbers 309-313 from the copy they received of the district court's letter transmitting the record on appeal. They did not raise the issue at that time, but waited until after the appellate opinion, and after the remand trial, to remedy the situation. Appellants argue that their "only failure if any ... was not to carefully scrutinize the long index of the record on appeal to notice that [that evidence] did not go forward." Plt. Rep. Br. at 14. That is a risk borne by the parties. See Mobile Materials, 881 F.2d at 868. The district court's letter transmitting the record on appeal provides the information needed to avoid this situation. See Fed. R.App. P. 10(e) ("If anything material ... is omitted from the record ... the parties[,] ... the district court[,] ... or the court of appeals ... may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted"). We hold that the district court did not deny appellants their due process rights in refusing to grant a new trial and we affirm the denial of appellants' motion.
 
 III.
 A.
 
 21
 In No. 94-4040, Cascade appeals the district court's denial of a Fed.R.Civ.P. 60(b) motion. It argues that it is entitled to relief from our earlier appellate judgment, specifically that the Associates were not required "to make any cash capital contributions for development and production costs beyond the initial $800,000 development loan." Cascade I, 896 F.2d at 1568. Defendants responded by filing a motion to dismiss Cascade's appeal with prejudice, which is well taken.
 
 
 22
 The district court had no jurisdiction to consider Cascade's Rule 60(b) motion in the remand proceedings. In our prior decision, we concluded:
 
 
 23
 The district court's finding that the Associate Defendants were not obligated to pay cash assessments under the Joint Operating Agreement is AFFIRMED. The district court's judgment against Cascade and Weston and in favor of certain of the Associate Defendants for $70,449.68 in assessments wrongfully collected from them is AFFIRMED.
 
 
 24
 Cascade I, 896 F.2d at 1583. We affirmed the district court--we neither reversed the district court on the issue of the assessments nor remanded the issue for further proceedings. The holding embodied in our first judgment effectively ended the litigation with respect to Cascade. Cascade was not a party to the remand proceedings, and the district court lacked jurisdiction to entertain Cascade' § 60(b) motion.
 
 
 25
 Moreover, even if the district court still retained jurisdiction to consider Cascade's claims, Cascade's use of a Rule 60(b) motion to reexamine an appellate judgment was inappropriate. The district court does not have the jurisdictional power to undertake such a review. This Circuit has held that the "rule is well established that a district court must comply strictly with the mandate rendered by the reviewing court." Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America, 962 F.2d 1528, 1534 (10th Cir.), cert. denied, 113 S.Ct. 414 (1992). The power of the district courts under Rule 60(b) to alter or amend a judgment does not grant a district court jurisdiction to overturn an order of an appellate court. Rule 60(b) "was not intended as a remedy for all wrongs, and certainly does not confer super-appellate jurisdiction on the district court." Lancaster v. Presley, 35 F.3d 229, 232 (5th Cir.1994); see also Butcher & Sherrerd v. Welsh, 206 F.2d 259, 262 (3d Cir.1953) ("Rule 60(b) ... does not confer upon District Courts the power to alter or amend a judgment which has been affirmed by this court or the Supreme Court, for such alteration would affect the decision of the reviewing court, which it is not within the power of the District Courts to do.").
 
 
 26
 More appropriately, Cascade's only potential remedy on the issue of the assessments was a petition for rehearing after the first appellate decision. However, Cascade did not. A Rule 60(b) motion cannot be used as an alternative for a traditional appeal. See, e.g., Local 322, Allied Indus. Workers v. Johnson Controls, Inc., 969 F.2d 290, 293 (7th Cir.1992) (intervenor could not file a Rule 60(b) motion in district court after Supreme Court reversal in lieu of seeking certiorari with coplaintiffs because "a party is not entitled to relief under Rule 60(b) when it made a free, calculated, deliberate choic[e]' not to appeal.") (quoting Ackerman v. United States, 340 U.S. 193, 198 (1950)).
 
 B.
 
 27
 In No. 94-4031, Cascade's attorney, Delano S. Findlay also appeals pro se the district court's imposition of a $250 Fed.R.Civ.P. 11 sanction against him for advancing the assessment issue on remand after this Court had disposed of it on appeal. We review the district court's Rule 11 determination for an abuse of discretion, Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992) (citing Eisenberg v. University of New Mexico, 936 F.2d 1131, 1132 (10th Cir.1991)), and affirm.
 
 
 28
 In order to avoid Rule 11 sanctions, an attorney's actions must be objectively reasonable--that is, it is not sufficient that the attorney has a good faith belief in the merit of his argument; "the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." White v. General Motors Corp., 908 F.2d 675, 680 (10th Cir.1990), cert. denied, 498 U.S. 1069 (1991). Mr. Findlay's advancement of the assessment issue on remand, when it had been unequivocally decided by this Court, and when Mr. Findlay's client, Cascade, was not a party to any issue before the district court on remand, was not, as Mr. Findlay suggests, "well grounded in fact and law." Cascade Br. at 30. Rather, the law of the case, as decided on appeal, was that the district court had properly decided the assessment issue at the first trial; Mr. Findlay's attempt to have the district court reconsider the judgment of this Court on remand was not objectively reasonable. Finding no abuse of discretion, we affirm the district court's imposition of the $250 Rule 11 sanction on Mr. Findlay. We do not agree with appellees, however, that the district court abused its discretion in failing to award further sanctions for renewing their motion to make findings after Judge Jenkins replaced Judge Christensen in the case, and affirm the decision of the district court on this issue.
 
 IV.
 
 29
 Finally, Telegraph Mine, Ltd. ("Telegraph") and the Joint Venture raise certain issues in their brief regarding the propriety of the district court's winding up of the affairs of the Joint Venture. Telegraph Br. 32-35, 39-40 (points II, III and VII). In our first disposition, we vacated the district court's award of $5,000 in nominal damages to Gold Technics for termination of the joint venture and remanded the case for a complete winding up of the affairs of the Joint Venture "in accordance with the Joint Venture Agreement and general partnership law." Cascade I, 896 F.2d at 1583. Therefore, the issues addressed by Telegraph concerning the district court's winding up of the Joint Venture were properly before the district court on remand and are now properly before us.
 
 
 30
 Nevertheless, the appellees have failed to address the issues concerning the district court's winding up of the Joint Venture in their brief. Based on our independent review of the record on appeal, we are not convinced that the district court properly executed this Court's instructions regarding the winding up of the Joint Venture on remand. In its Findings of Fact and Conclusions of Law on Remand, the district court did examine closely the Joint Venture's balance sheet, see Jt.App. 2256-71, but it did not directly explain and apply the appropriate provisions of the Utah partnership law. Instead, the district court merely concluded that "[i]n view of the foregoing provisions, the Joint Venture should be adjudged to be fully would [sic] up and terminated." Jt.App. 2272. Based on this record, and given appellees' response or lack thereof, we do not see how the district court complied with this Court's mandate. We are thus compelled to vacate the district court's decision regarding the winding up of the Joint Venture and remand for further proceedings.
 
 Conclusion
 Based on the foregoing reasons, we
 
 31
 1. GRANT Appellees Motion to Dismiss Appeal of Cascade Energy and Metals Corporation;
 
 
 32
 2. VACATE the district court's decision regarding the winding up of the Joint Venture and REMAND for the district court to wind up the Joint Venture consistent with this Court's 1990 opinion;
 
 
 33
 3. REVERSE the district court's finding of fact on remand p 27 to the extent it found the $239,034.00 "Ore Milling Receivable" was a valid collectible asset of the Joint Venture and REMAND for the district court to reinstate Judge Christensen's factual finding and include the receivable in the remand judgment;
 
 
 34
 4. AFFIRM the decision of the district court on all other issues; and
 
 
 35
 5. REMAND this case to the district court to enter judgment in accordance with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3