F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BARTON LEE MURPHY,

      Plaintiff-Appellant,

v.

WILLIAM PERRILL,

      Respondent-Appellee.

No. 97-1216
(Dist. of Colorado)
(D.C. No. 96-S-277)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

      After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Barton Lee Murphy appeals the district court's refusal to refund partial filing fees that Murphy paid pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Murphy contends that under this court's decision in *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997), which held that the PLRA does not apply to habeas corpus petitions, he is entitled to a refund of the filing fees he paid to appeal the denial of his 28 U.S.C. § 2241 petition.  Finding Murphy's frivolous and malicious contentions without merit, this court **affirms**.

In an apparent effort at chicanery, Murphy has failed to inform this panel that he presented this exact issue to the panel that decided the merits of his habeas corpus petition.  In an order entered June 9, 1997, a panel of this court held as follows:

> This matter is before the court on appellant's "Motion to Waive filing Fees in Appeal of District Court Order that This Circuit's Defining A Statute is not Retroactive."  Mr. Murphy seeks an order from this court requiring the district court to reimburse him for monies paid towards payment of the filing fee in this appeal.  He also seeks a declaration that our opinion in *United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997), is retroactive.  After reviewing Mr. Murphy's motion, the court has determined he is not entitled to reimbursement for payments made prior to the filing of *Simmonds*.  As a result of *Simmonds*, however, the court will vacate the assessment of any payments following the filing of that opinion.  Mr. Murphy need not make any additional payments.  This order will stand as a supplement to the court's original mandate.

*Murphy v. Perrill*, Order, No. 96-1389 (June 9, 1997).

In light of the Order set out above, this panel need not tarry long on Murphy's contentions. The Order entered in No. 96-1389 is the law of this case and is not subject to relitigation by Murphy. *See United States v. Monsisvais*, 946 F.2d 114, 115-116 (10th Cir. 1991) (describing law-of-the-case doctrine and noting that "it is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided"). If Murphy was aggrieved by the Order set out above, his proper avenue for relief was a petition for rehearing, not an appeal of the district court order to a separate panel of this court. Fed. R. App. P. 40.

The judgment of the United States District Court for the District of Colorado denying Murphy's request for the refund of fees was in compliance with the mandate of this court and is therefore **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-