**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carla Erica GONZALES SANCHEZ,**
**Defendant–Appellant.**

**No. 08–2244.**

United States Court of Appeals,
Tenth Circuit.

May 11, 2009.

David N. Williams, Office of the United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Joseph W. Gandert, Office of the Federal Public Defender, Albuquerque, NM, for Defendant–Appellant.

Before KELLY, ANDERSON, and BRISCOE, Circuit Judges.

**ORDER AND JUDGMENT\***

MARY BECK BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant–Appellant Carla Erica Gonzales Sanchez ("Gonzales Sanchez") appeals following her resentencing after remand from the United States Supreme Court and this court. She seeks to appeal the district court's denial of her pretrial motion to suppress, which was previously affirmed by this court. We dismiss.

### I. Procedural and Factual History

Gonzales Sanchez was indicted for possession with intent to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and conspiracy, in violation of 21 U.S.C. § 846. The district court denied her motion to suppress the methamphetamine evidence seized from her hotel room. Following a jury trial, Gonzales Sanchez was found guilty of conspiracy, but was acquitted of possession with intent to distribute methamphetamine. Gonzales Sanchez was then sentenced to 151 months' imprisonment, followed by 5 years of supervised release.

On appeal, we upheld Gonzales Sanchez's conviction and sentence. *United States v. Gonzales Sanchez,* 252 Fed.Appx. 900 (10th Cir.2007) (unpublished). Gonzales Sanchez petitioned the United States Supreme Court for a writ of certiorari challenging her sentence and the denial of her motion to suppress. The Supreme Court granted certiorari in *Sanchez v. United States,* —— U.S. ——, 128 S.Ct. 1720, 170 L.Ed.2d 511 (2008), vacated judgment, and "remanded to the United States Court of Appeals for the Tenth Circuit for further consideration in light of *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)." On remand, we vacated Gonzales Sanchez's sentence and remanded to the district court for resentencing. *United States v. Gonzales,* No. 06–2099 (10th Cir. Apr. 30, 2008) (unpublished).

At resentencing, the district court sentenced Gonzales Sanchez to 120 months' imprisonment, followed by 5 years of supervised release. Gonzales Sanchez now appeals, but does not challenge her sentence. She states:

> Because the United States Supreme Court addressed only her sentencing is-

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

sue on certiorari, and was silent on the challenge she raised to the district court's denial of her suppression motion, she must raise the suppression claim to this Court before she can petition the United States Supreme Court for certiorari on that issue.

Aplt. Br. at 3. Gonzales Sanchez then reasserts the same arguments made in her first appeal of the suppression issue.

## II. Legal Standards and Analysis

In *Gonzales,* our opinion disposing of Gonzales Sanchez's first appeal, we held that the district court's credibility and factual determinations regarding Gonzales Sanchez's motion to suppress were not clearly erroneous. 252 Fed.Appx. at 904. We also held that the consent given to the officers by Gonzales Sanchez to enter her hotel room was not coerced. *Id.* We ultimately affirmed the district court's order denying Gonzales Sanchez's motion to suppress. *Id.* at 908. Gonzales Sanchez's current appeal re-argues the denial of her motion to suppress.

Because of this procedural history, the "law of the case" doctrine governs the disposition of Gonzales Sanchez's appeal. The law of the case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). In addition, "[w]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it *must* be followed by the trial court on remand. If there is an appeal from the judgment entered after remand, the decision on the first appeal establishes the law of the case to be followed on the second." *United ·States v. Monsisvais,* 946 F.2d 114, 116 (10th Cir. 1991) (internal quotations omitted); *United States v. Alvarez,* 142 F.3d 1243, 1247 (10th Cir.1998) ("Accordingly, when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." (internal quotations omitted)).

"The law of the case doctrine is a restriction self-imposed by the courts in the interests of judicial efficiency. It is a rule based on sound public policy that litigation should come to an end, and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." *Gage v. Gen. Motors Corp.,* 796 F.2d 345, 349 (10th Cir. 1986) (internal citations omitted). We have acknowledged narrow circumstances justifying a departure from the law of the case doctrine. We have stated that "the law of the case must be followed unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Monsisvais,* 946 F.2d at 117 (internal quotations omitted).

Gonzales Sanchez concedes that in her first appeal this court determined the issue she raises here. Gonzales Sanchez does not argue that any of the exceptions to application of the law of the case doctrine should apply. Gonzales Sanchez contends she presses this appeal in order to continue to pursue the appeal of the district court's denial of her motion to suppress to the United States Supreme Court. Because the decision on Gonzales Sanchez's first appeal is binding due to the law of the case doctrine, we dismiss Gonzales Sanchez's appeal as moot.

DISMISSED.