FILED
United States Court of Appeals
Tenth Circuit

March 2, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTIONE DIRAY JOHNSON,

    Petitioner - Appellant,

v.

ROBERT PATTON,

    Respondent - Appellee.

No. 19-6179
(D.C. No. 5:17-CV-00346-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **LUCERO**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

Antione Diray Johnson, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's denial of his motion under Federal

Rule of Civil Procedure 60(b)(6). We exercise jurisdiction pursuant to 28 U.S.C. § 1291,

deny the request for a COA, and dismiss this matter.

I. Background

In 2010, Mr. Johnson was convicted in Oklahoma state court of five counts of

robbery with a weapon. The Oklahoma Court of Criminal Appeals affirmed the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions on direct appeal. Mr. Johnson was unsuccessful at obtaining any relief through his state post-conviction motions.

In 2015, Mr. Johnson filed a 28 U.S.C. § 2254 habeas application in federal court. The district court denied habeas relief, and we denied Mr. Johnson's request for a COA.

In 2017, Mr. Johnson filed a second § 2254 habeas application. The magistrate judge recommended that this second habeas application be dismissed for lack of jurisdiction as an unauthorized second or successive § 2254 habeas application. In his report and recommendation, the magistrate judge also concluded that the habeas application would be time-barred and therefore it was not in the interest of justice to transfer the successive habeas application to this court. The district court adopted the magistrate judge's report and recommendation and dismissed the habeas application as an unauthorized second or successive habeas application.

Mr. Johnson sought a COA from this court, but we denied his request. In our order denying a COA, we concluded that reasonable jurists could not debate the district court's procedural ruling dismissing his second habeas application as an unauthorized second or successive habeas application.

After we denied a COA, Mr. Johnson filed the Rule 60(b)(6) motion that is at issue in this case. In his Rule 60(b)(6) motion, he challenged the district court's procedural dismissal of his second habeas application as second or successive and time-barred. He argued that due to these rulings, the merits of his claims were not adjudicated. He further argued that it was within the "district court's discretion under

2

Rule 60(b)(6) for [the court] to reopen the habeas judgment and give pro se petitioner the one fair shot at habeas review . . . ." R. at 348.

The district court denied the Rule 60(b)(6) motion.[1] In its denial order, the court explained that "[t]o grant the relief sought by Petitioner in his present Motion would require the Court to ignore findings made by the Tenth Circuit in its denial of Petitioner's request for a COA. Of course, this court lacks authority to alter the findings of the appellate court." *Id*. at 357.

Mr. Johnson now seeks a COA to appeal from the district court's decision.

II. Discussion

A COA is required to appeal a Rule 60(b) motion in a habeas case. *See Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (internal quotation marks omitted). To obtain a COA to challenge the district court's procedural ruling, Mr. Johnson must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if

---

[1] The district court properly considered Mr. Johnson's argument as a Rule 60(b) motion—not a second or successive habeas petition—because he sought to challenge the district court's procedural dismissal and its failure to adjudicate the merits of his habeas claims, as opposed to asserting a federal basis for the district court to vacate his underlying conviction. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (explaining that a motion is properly brought under Rule 60(b) and is not a second or successive habeas petition if it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application").

3

we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id*. at 485.

In his brief in support of his COA application, Mr. Johnson states that "he makes no argument on the basis of the Western District Federal Court 'lacking authority' to grant [the] relief sought by [him]." COA Br. at 1. Instead, he seeks approval from this court for the district court to review and rule on the merits of the arguments he presented in his Rule 60(b) motion, and he asks that we remand to the district court for further proceedings.

Reasonable jurists could not debate the district court's decision to deny the Rule 60(b)(6) motion because the district court correctly concluded that it was bound by the prior decision of this court. *See United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)). In denying a COA, we determined that reasonable jurists could not debate the district court's procedural ruling dismissing Mr. Johnson's second habeas application as an unauthorized successive habeas application. In his Rule 60(b) motion, Mr. Johnson sought to have the district court reconsider its dismissal of his habeas application as successive after this court had already decided that the dismissal was proper.

The law of the case doctrine "is a rule based on sound public policy that litigation should come to an end, and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." *Id*. at 116 (internal

4

quotation marks omitted).  The "doctrine also serves the purpose[] of . . . assuring district court compliance with the decisions of the appellate court."  *Id*.  A district court is obligated to follow this court's determination on an issue in subsequent proceedings in the same case because "[a] different result would allow the district court to substitute its opinion for that of this court, which is what the law of the case doctrine is intended to avoid."  *Id*. at 118.

Mr. Johnson does not appear to recognize that this court's decision is binding on the district court, and he offers no legal authority that would permit a district court to revisit an issue this court has already resolved under the circumstances here.  Reasonable jurists therefore could not debate the district court's decision to deny Mr. Johnson's Rule 60(b) motion because the district court lacked authority to alter a determination this court had already made.  Accordingly, we deny a COA and dismiss this matter.  We grant Mr. Johnson's motion for leave to proceed on appeal without prepayment of costs or fees. He remains obligated to pay the filing fee in full.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk